UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 07-299(DSD/RLE)

United States of America,

            Plaintiff,

v.                                                    **ORDER**

Melanie Frances Bedeau,

            Defendant.


This matter is before the court upon defendant's objection to Magistrate Judge Raymond L. Erickson's October 25, 2007, report and recommendation. In his report, the magistrate judge recommended that defendant Melanie Frances Bedeau's motion to suppress statements, admissions and answers be denied. Following a de novo review of the file and record pursuant to 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge.


                            **BACKGROUND**

Defendant was indicted on three counts - murder in the second degree and two counts of assault resulting in serious bodily injury. Defendant does not challenge the magistrate judge's factual findings. On the evening of May 2, 2007, Red Lake Department of Public Safety police officer and acting Sergeant William Branchaud, Jr. ("Branchaud") placed defendant under arrest.

Branchaud administered <u>Miranda</u> warnings and defendant invoked her right to counsel. (Mag. Order at 4-5.) Defendant was then booked and again read her <u>Miranda</u> warnings at the Red Lake Detention Center where she declined to sign the waiver form. (<u>Id.</u> at 6.) In the early morning hours of May 3, 2007, Branchaud obtained a valid search warrant to obtain a sample of defendant's blood to test for drugs or alcohol. (<u>Id.</u> at 7.) While at the Red Lake Hospital - before obtaining the blood sample - Branchaud asked defendant for her consent. (<u>Id.</u> at 8.) Defendant refused and asked again to see her lawyer who was apparently in California at the time. (<u>Id.</u> at 9.) Branchaud told defendant that time was of the essence and obtained a blood sample. (<u>Id.</u>)

During the course of the conversation at the hospital, defendant spontaneously inquired about a separate incident where a gun was stolen from defendant's vehicle. (<u>Id.</u>) Branchaud responded by asking why she mentioned the stolen weapon, to which defendant made a hand gesture mimicking shooting herself in the head.[1] (<u>Id.</u>) At the suppression hearing, Branchaud testified that while at the hospital defendant was crying, hanging her head and reluctant to speak to him, and that he perceived her to be "guilt-

---

[1] The government also believes that defendant made a statement at the time indicating a desire to have the gun with her. (Mag. Order at 17 n.6; Gov't Br. at 3 n.1.) No evidence supporting this belief was established at the suppression hearing. Nevertheless, the court agrees with the magistrate judge that if defendant made such a statement, its admissibility would be subject to the same analysis as her hand gesture.

ridden." (Id. at 9-10.)  Defendant now objects to the magistrate judge's recommendation that Branchaud's question regarding the gun was not proscribed interrogation.

## ANALYSIS

A suspect subject to custodial interrogation has a right to the presence of counsel unless that right is knowingly and intelligently waived.  Miranda v. Arizona, 384 U.S. 436, 479 (1966).  Once a suspect invokes her right to counsel, interrogation must cease until counsel is present.  Id. at 473-74.  However, not all direct questioning by law enforcement officials is interrogation.  See, e.g., United States v. Fleck, 413 F.3d 883, 893 n.2 (8th Cir. 2005); United States v. Briggs, 273 F.3d 737, 741 (7th Cir. 2001); United States v. Foster, 227 F.3d 1096, 1102-03 (9th Cir. 2000).  Rather, direct questioning is interrogation only if it is "reasonably likely to elicit an incriminating response from the suspect."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980); see also Briggs, 273 F.3d at 741; Foster, 227 F.3d at 1103. Whether an officer sought an incriminating response is determined "from the perspective of the suspect" and not by the officer's actual intent.  United States v. Richardson, 427 F.3d 1128, 1132 (8th Cir. 2005).  Moreover, "whether particular statements or practices amount to interrogation depends on the circumstances of each case, particularly whether the statements are objectively and

3

reasonably likely to result in incriminating responses by the suspect, as well as the nature of the police statements and the context in which they are given." United States v. Allen, 247 F.3d 741, 765 (8th Cir. 2001).

Defendant argues that Branchaud's question regarding the gun was reasonably likely to lead to an incriminating response because he "asked about her internal thought processes at a time that she was physically demonstrating what appeared to Branchaud to be overwhelming feelings of guilt." (Def. Br. at 5.) The court disagrees. Defendant initiated the conversation about the gun. Moreover, the gun was related to an entirely separate incident in which defendant was the alleged victim. There is no reasonable, objective basis to conclude that a suspect in defendant's circumstances would have believed that Branchaud's question was intended to elicit an incriminating response or that Branchaud's question would in fact elicit such a response. Simply put, this case does not present the "inherently compelling pressures which work to undermine the individual's will" that Miranda was intended to mitigate. 384 U.S. at 467. Accordingly, the court determines that Branchaud's question did not constitute interrogation and adopts the report and recommendation of the magistrate judge in its entirety.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that defendant's motion to suppress statements, admissions and answers [Doc. No. 19] is denied.

Dated:  December 4, 2007

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court